2009 Ark. 94

**Darius JACKSON, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 08–459.**

Supreme Court of Arkansas.

Feb. 26, 2009.

Ronald L. Davis, Jr., Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Deborah Nolan Gore, Ass't Att'y Gen., for appellee.

**PER CURIAM.**

Appellant Darius Jackson appeals from his conviction for capital murder and his sentence to life imprisonment without parole. Because his brief fails to comply with our rules, we order rebriefing.[1]

---

1. We further note some confusion regarding the circuit court's order appointing counsel. Not only does the order find Jackson indigent and appoint the Public Defender as Jackson's counsel, the order was entered after Jackson's notice of appeal was filed. "After the notice of appeal of a judgment of conviction has been filed, the appellate court shall have exclusive jurisdiction to relieve counsel and appoint counsel." Ark. R.App. P.–Crim. 16(a) (2008). Thus, it appears that Jackson's cur-

Our abstracting rule, provides, in pertinent part:

> (5) *Abstract.* The appellant's abstract or abridgment of the transcript should consist of an impartial condensation, without comment or emphasis, of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding ▏₂of all questions presented to the Court for decision.... Not more than one page of the transcript shall in any instance be abstracted without a page reference to the transcript. In the abstracting of testimony, the first person (i.e., "I") rather than the third person (i.e., "He, She") shall be used. The Clerk will refuse to accept a brief if the testimony is not abstracted in the first person or if the abstract does not contain the required references to the record. Whenever a map, plat, photograph, or other similar exhibit must be examined for a clear understanding of the testimony, the appellant shall reproduce the exhibit by photography or other process and include it in the Addendum with a reference in the abstract to the page in the Addendum where the exhibit appears unless this requirement is shown to be impracticable and is waived by the Court upon motion.

Ark. Sup. Ct. R. 4–2(a)(5). In addition, in life-imprisonment cases, such as this one,

> the Court must review all errors prejudicial to the appellant in accordance with Ark.Code Ann. § 16–91–113(a). To make that review possible, the appellant must abstract, or include in the Addendum, as appropriate, all rulings adverse to him or her made by the circuit court on all objections, motions and requests made by either party, together with such parts of the record as are needed

for an understanding of each adverse ruling. The Attorney General will make certain and certify that all of those objections have been abstracted, or included in the Addendum, and will brief all points argued by the appellant and any other points that appear to involve prejudicial error.

Ark. Sup. Ct. R. 4–3(h) (2008).

Rule 4–2(b)(3) sets forth the procedure to be followed when an appellant has failed to supply this court with an adequate brief:

> (3) Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any ▏₃deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4–2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Ark. Sup. Ct. R. 4–2(b)(3).

In reviewing Jackson's brief and record, we have found the following deficiencies in

rent counsel has not yet been appointed to represent him.

his brief, including, but certainly not limited to: (1) the failure to abstract the renewals of his directed-verdict motion; (2) the failure to abstract the testimony of the State's rebuttal witness; (3) the failure to abstract objections adverse to Jackson made during closing arguments;[2] (4) the failure to reference the record in certain portions of the abstract; (5) the failure to abstract a certain question posed by the jury; (6) the failure to reproduce in the addendum the exhibits Jackson wished reviewed in conjunction with his arguments on appeal, including his statements to police;[3] and (7) the failure to reference the record in his abstract using the actual page numbers of the record and not the page numbers for each |4hearing or trial transcript. In addition, Jackson's abstract of his trial is not sequential; instead, portions of the trial are abstracted out of order and are sometimes duplicated, making it difficult to follow the testimony and events of the trial.

Because Jackson has failed to comply with our rules, we order Jackson to file a substituted brief, which complies with our rules, within fifteen days from the date of entry of this order.

Rebriefing ordered.

2.  While the State did, in accordance with our rules, provide a supplemental abstract that included adverse rulings to Jackson that he failed to abstract, these certain objections were not abstracted by either party.

3.  Instead of reproducing the exhibits, Jackson has merely included the court reporter's introductory page for each exhibit. These essentially blank pages are of no assistance to this court.